IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER RODRIGUEZ SANTIAGO

  Plaintiff,

    v.

CENTENNIAL DE PUERTO RICO,

  Defendant.

**CIVIL NO.** 03-1455 (DRD)

## REPORT & RECOMMENDATION

This is an action for compensatory and punitive damages brought by the plaintiff, Javier Rodríguez Santiago, ("Rodríguez") against his current employer, Centennial de Puerto Rico ("Centennial") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>.[1] as amended by the Civil Rights Act of 1991 and Articles 1802-1803 of the Puerto Rico Civil Code, P.R. Laws. Ann. tit. 31 §§ 5141-142 *et seq.*. Rodríguez alleges that Centennial refused to promote him to a "higher" management position because of his race.

Centennial now moves, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, for judgement as a matter of law with respect to Rodríguez's Title VII and civil law claims. This court must determine whether Rodríguez's Title VII claims are time-barred.

**I. Facts**

Javier Rodríguez Santiago began his employment with Centennial in September of 1997 as an Inside Sales Representative ("ISR"). He occupied this position until June 1999, when he was promoted to the ISR-Team Leader position in Ponce. (<u>See</u> Docket 25, p. 2). While employed as ISR-Team Leader, Rodriguez applied for several "higher" management positions within the company. Rodríguez never received a promotion. (<u>See</u> Docket 25, p. 3). In May 2003, Centennial eliminated the ISR-Team Leader position company-wide, and Rodríguez requested a transfer to the customer service division. Rodríguez brings the current action alleging that Centennial's decision

---

[1] Title 42 of the United States Code, section 2000e-2(a) states in relevant part: "It shall be an unlawful employment practice for an employer . . . to discriminate against any individual because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

**CASE NO**. 03-1455 (DRD)                    2

not to promote him was based upon his race.  (See Docket 25, p. 3).

## II. Standard of Review

### A. Summary Judgment Standard

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor.  See id.  "If, after canvassing the material presented, the district court finds *some* genuine factual issue remains in the case, whose resolution one way or the other *could* affect its outcome, the court must deny the motion." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis added).  "The movant's burden is particularly rigorous when the disputed issue involves questions of motive or intent, since in these cases jury judgments about credibility are typically thought to be of special importance." Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988).  In a discriminatory employment action case, a plaintiff, "will rarely, if ever, be able to produce a 'smoking gun' that provides direct, subjective evidence of an employer's animus." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983).  "Rather, a plaintiff must try to convince the fact-finder to draw an inference from a broad array of circumstantial and often conflicting evidence . . . ." Id  Even in these cases, however, the Court will not refuse to grant summary judgment in favor of the defendant if the plaintiff's claim rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation.'" Suárez v. Pueblo Int'l Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

**CASE NO**. 03-1455 (DRD)                           3

    B. Local Rules 56(b)

Local Rule 56(b) requires an annex to summary judgment motions that sets forth a "separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." D.P.R. R. 56(b). The nonmoving party's "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted. Ruiz Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000). The Court of Appeals for the First Circuit has repeatedly held that the district court of Puerto Rico is justified in admitting one party's submitted uncontested facts when the other party does not file disputed facts in compliance with Rule 311.12. See, e.g., United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 330 (1st Cir. 2003); Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000). "This, of course, does not mean the unopposed party wins on summary judgment; that party's uncontested facts and other evidentiary facts of record must still show that the party is entitled to summary judgment." Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003).

The Court notes that plaintiff failed to fully comply with Local Rule 56(b). Plaintiff's statement of contested facts does not admit, deny, or qualify the numbered statements contained in Centennial's statement of uncontested facts. (Docket No. 26). In addition, many of plaintiff's statements are not supported by the citations listed. D.P.R. R. 56(e).

**III. Legal Analysis**

    Statute of Limitations

Centennial first argues that Rodríguez's failure to promote claims are time-barred. (See Docket 22, p. 6). Title 42 of the United States Code, section 2000e-5(e) provides that a charge shall be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice   occurred, "or within 300 days after the unlawful employment practice if the person aggrieved has initially instituted proceedings with [an authorized] State or local agency." Id. The longer period is available only in so-called "deferral" jurisdictions, including Puerto Rico. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 n.4 (1st Cir. 1999); see also Silva v. Univ.

**CASE NO**. 03-1455 (DRD)                              4

of P.R., 817 F. Supp. 1000, 1003 (D.P.R. 1993).

Discrete retaliatory or discriminatory acts "occur," for purposes of the charge filing requirement of Title VII, upon the date it happens, such that a deferral-jurisdiction plaintiff must file a charge with the EEOC within 300 days of the date of the act, or lose his ability to recover for it in a Title VII action. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002).[2]

Rodríguez filed his EEOC complaint on December 11, 2002. For his complaint to be timely, it must contain a specific allegation of discriminatory conduct within the 300-day period prior to December 11, 2002, specifically, on or after November 12, 2002.

Rodríguez's EEOC complaint lists July 1, 2002 as "the most recent date" of discrimination. (See Docket 25, Exhibit F-2). Although this date is reflected in the EEOC's Notice-of-charge letter to Centennial, Rodríguez has failed to allege with specificity exactly what, if anything, occurred on July 1, 2002. (See Docket 25, Exhibit F-1; Docket 26, p. 2 ¶ 9). Further, the record does not clarify Rodríguez's allegations. In his responses to Centennial's first set of interrogatories, Rodríguez states that he interviewed for "Store Manager, Ponce Area, date 2002, interviewed by Richard Nazario . . . person selected - Mr. Luis M. Rodríguez." (See Docket 25, Exhibit E-4). In his motion in opposition to summary judgment, Rodriguez again alleges that he applied for the Ponce store manager position in 2002, but fails to provide a specific date. (See Docket 25, p. 5 ¶ 1).

According to Centennial, Rodríguez can't produce a specific 2002 interview date because Centennial did not interview candidates for the position of Ponce store manager in 2002. To support its position, Centennial asserts that Mr. Luis Manuel Rodríguez, whom plaintiff asserts was selected for the position in 2002, was promoted to Ponce store manager in December of 2000. (See Docket 27, p. 5 ¶ 31).

---

[2] The Court notes that Rodríguez has not alleged a hostile work environment, and/or a continuing violation. (See Docket 1, p. 4).

**CASE NO**. 03-1455 (DRD)                                     5

The parties have conducted discovery in this case since October 2003. At the summary judgment stage, a plaintiff cannot create an issue of fact based on his lack of recollection. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). The 2002 interview date was fully discoverable by Rodríguez. This court cannot deny summary judgment based upon Rodríguez's conclusory allegation that "a discriminatory act occurred on July 1, 2002." (See Docket 25, p. 5). An opposition for summary judgment cannot merely reiterate the allegations made in the complaint - to avoid summary disposition, the plaintiff must provide specific factual allegations regarding specific events. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000). Rodríguez's memoranda fails to even clarify whether the alleged interview for the Ponce store was the same "discriminatory act" that occurred on July 1, 2002. In addition, Rodríguez has not alleged that Centennial failed to cooperate with discovery requests.

Based on the reasons stated herein and plaintiff's failure to comply with Local Rule 56(b), the Court finds that Rodríguez cannot demonstrate that an alleged unlawful employment practice occurred within 300 days of the date he filed his EEOC complaint. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). Thus, Rodríguez cannot recover for the harms alleged in a Title VII action before this Court.

**IV. Conclusion**

**WHEREFORE**, based on the reasons stated herein, this Court must **GRANT** defendant's motion for summary judgment. (Docket No. 22).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S.

**CASE NO**. 03-1455 (DRD)                              6

1111 (1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED** .
In San Juan, Puerto Rico this 15th day of June, 2004.

<u>S/ **Gustavo A. Gelpi**</u>
**GUSTAVO A. GELPI**
United States Magistrate-Judge
