**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JAVIER RODRIGUEZ SANTIAGO**
Plaintiff,

    v.                                 **CIVIL CASE NO: 03-1455 (DRD)**

**CENTENNIAL DE PUERTO RICO**
Defendant

## ORDER

On April 4, 2004, the Court issued an order (Docket No. 29) referring this matter to Magistrate Judge Gustavo Gelpí for a Report and Recommendation ("RR"). After reviewing the parties' motions, Magistrate Gelpí issued a RR recommending that the Court grant defendant's motion for summary judgment (Docket No. 22) due to plaintiff not being able to demonstrate that an unlawful employment practice occurred within three hundred (300) days before his filing of the EEOC complaint. (Docket No. 33). **To date, the RR is still unopposed.** Thus, for the reasons stated below, the Court accepts and adopts *in toto* the Magistrate's unopposed RR. Therefore, the Court hereby **GRANTS** defendant Centennial de Puerto Rico's *Motion for Summary Judgment* (Docket No. 22).

An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See LR 72.1(b); Fed. R. Civ. P. 72(b). Defendant was notified of this fact in the RR issued by the Magistrate Judge. Furthermore, the Federal Magistrates Act provides:

> The magistrate shall file his proposed findings and recommendations... with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. §636(b)(1)(C).

"Absent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary

of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Thus, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R & R**. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

Magistrate Judge Gelpí correctly found in his RR that plaintiff filed an EEOC complaint on December 11, 2002, and that, for his complaint to be timely, he must specifically allege discriminatory conduct within the three hundred (300) day period before December 11, 2002 – that is, from February 24, 2002 to December 11, 2002. Also, the Magistrate correctly concluded that, even though plaintiff's EEOC notice of charge letter lists July 1st, 2002 as the most recent date of discrimination, he failed to allege what, if anything, occurred on said date. See Educadores Puertorriqueños en Accion v. Cesar Rey Hernandez, 367 F.3d 61, 66-68 (1st Cir. 2004) (holding that the death knell has been sounded for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires it. Although only a short and plain statement of the claim demonstrating that the pleader is entitled to relief, in civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to who, when, where, and why–although why, when, why mean the actor's state of mind, can be averred generally.); Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (holding that in order to survive summary disposition, plaintiffs must provide specific factual allegations regarding specific events). Finally, the Magistrate Judge did not err when concluding that plaintiff failed to comply with Local Rule 56(b) resulting in plaintiff's failure to demonstrate any facts as to whether an unlawful employment practice occurred between February 24, 2002 and December 11, 2003.

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate." See Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d at 220. "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d at 38. Therefore, the Court **ADOPTS *in toto*** the Magistrate's RR. Henceforth, defendants' motion for summary judgment is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**            S/ Daniel R. Dominguez
**Date: June 15, 2005.**           **DANIEL R. DOMINGUEZ**
                                          **U.S. District Judge**